**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOAQUIN MARIO VALENCIA TRUJILLO,<br>*Plaintiff*,<br>v.<br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br>*Defendants*. | Civil Action No. 25-2643 (CJN) |

**DEFENDANT UNITED STATES DEPARTMENT OF TREASURY' S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant United States Department of Treasury ("Treasury"), by and through undersigned counsel, submits this reply in support of its Partial Motion to Dismiss, or alternatively for Summary Judgment under Fed. R. Civ. P. 12(b)1 and 56 (ECF No. 12).

**INTRODUCTION AND BACKGROUND**

Plaintiff Joaquin Mario Valencia Trujillo filed a complaint against the U. S. Treasury and Customs and Border Protection ("CBP") bringing claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq.*, related to two allegedly unanswered FOIA requests. On February 13, 2026, Treasury filed a Partial Motion to Dismiss, or alternative for Summary Judgment, seeking to dismiss the claims against it on the grounds that Plaintiff's FOIA request seeks records that Treasury no longer maintains. *See generally* Def' Part. Dis. To support its motion, Treasury included two exhibits: the Declaration of Mark Bittner ("Bittner Decl.") and Treasury's FOIA response letter. *Id.* at Ex. A and B.

On March 5, 2026, Plaintiff filed his Opposition (ECF No. 15), including communications with Treasury, a declaration, and Statement of Genuine Issues of Material Fact. Plaintiff's opposition is simple, challenging Treasury's motion on two primary grounds. First, Plaintiff argues that Treasury has failed to comply with its FOIA responsibilities because it has not conducted a search for responsive records and only "assumes" that such records are not maintained by Treasury. *See* Opp'n at 4. Second, Plaintiff argues that Treasury cannot maintain its assertion that it does not have the requested records because Plaintiff is currently on the Specially Designated Narcotics Trafficker ("SDNT") list maintained by the U.S. Department of Treasury's Office of Foreign Asset Control. *Id.* at 3. For Plaintiff, because he is on a list maintained by Treasury, the agency must have the records he now seeks. *Id.*

**ARGUMENT**

Treasury's Motion should be granted because there is no reasonable basis to believe that it has the records responsive to Plaintiff's request. As an initial matter, Plaintiff's Statement of Genuine Issues of Material Fact does not oppose any of the facts presented in Defendants' Statement of Material Facts Not in Dispute. (ECF No. 12-3). Thus, these facts should be admitted pursuant to L. Civ. R. 7(h)(1). Nevertheless, Plaintiff's Complaint should be dismissed. Plaintiff seeks records that were compiled by the former Department of the Treasury United States Customs Service; but that entity was reorganized in 2001 under the Department of Homeland Security as Customs and Border Patrol. *See* Bittner Decl. ¶ 15.

Plaintiff argues that Treasury has failed to comply with FOIA by not searching for the records he requests while ignoring the clear statutory history of the consolidation of CBP and the Bittner's Declaration. Instead, Plaintiff argues that his placement on SDNT inherently means that Treasury retains records responsive to his request. Opp'n at 3. Moreover, Plaintiff asserts that

Treasury's position is untenable because he has previously sent Treasury a FOIA request, and it processed and produced 638 pages of responsive records. Decl. of Plf. ¶ 12. But Treasury's argument does not address records regarding Plaintiff's placement on SDNT. On the contrary, Treasury has already produced those records. *Id.* Treasury does not believe it possesses the records Plaintiff *currently seeks.* Plaintiff's current request seeks records related to an investigation into violations of federal law conducted by a law enforcement entity that was transferred to the Department of Homeland Security more than twenty-years ago. Bittner Decl. ¶ 15.

"[W]hen an agency does not possess or control the records a requester seeks, the agency's non-disclosure does not violate FOIA because it has not "withheld" anything." *DiBacco v. U.S. Army*, 795 F.3d 178, 192 (D.C. Cir. 2015) (citing *Kissinger*, 445 U.S. at 150). This is because "[g]enerally, 'an agency has no duty to retrieve and release documents it once possessed but that it legitimately disposed of prior to the date a FOIA request was received."' *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009) (citing *McGehee v. CIA*, 697 F.2d 1095, 1103 n. 33 (D.C.Cir.1983)). And, "[i]f 'the agency is no longer in possession of the document, for a reason that is not itself suspect,' FOIA does not compel the agency 'to take further action in order to produce' that document". *DiBacco*, 795 F.3d at 192 (citing *SafeCard*, 926 F.2d at 1201).

Importantly, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, agency declarations receive "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the

existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

Treasury has met its obligations under FOIA. It received Plaintiff's FOIA request, determined that the request sought records that were compiled by an agency that is now CBP, and denied the request and informed Plaintiff to contact CBP. These actions are not inconsistent with its obligations under FOIA, as it is reasonable to believe that Treasury no longer maintains records for an agency Congress reorganized. Bittner Decl. ¶ 15. Moreover, Plaintiff's argument that his placement on the SDNT means that Treasury possesses records relating to the investigation conducted by the U.S. Customs Service in 2001 is misplaced. When Plaintiff filed a FOIA request to Treasury for SDNT-related records, he received them.

* * *

**CONCLUSION**

For the reasons discussed herein, Plaintiff's claim against Treasury should be dismissed in its entirety, or alternatively, partial summary judgment should be entered for the Treasury.

Dated: August 21, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: * /s/ Zachary J. Krizel*

ZACHARY J. KRIZEL
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2518
Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*