**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOAQUIN MARIO VALENCIO TRUJILLO,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-02643 (CJN) |

## ORDER

Plaintiff Joaquin Mario Valencia Trujillo brings this *pro se* action against the U.S. Department of Treasury and U.S. Customs and Border Protection, seeking various records under the Freedom of Information Act, 5 U.S.C. § 552, related to a drug investigation performed in 2000 by the former U.S. Customs Service. Treasury has moved to dismiss the case, or in the alternative, moved for partial summary judgment.[1] Upon review of the parties' written submissions and the entire record, the Court grants the motion for partial summary judgment.

The pertinent facts as to Trujillo's claim against Treasury are undisputed. On March 14, 2025, Trujillo submitted a FOIA request to Treasury, requesting the production of 18 categories of records "to use in support of an anticipated federal court motion seeking to prove his actual innocence as to any involvement in a May 1, 2000 drug delivery." ECF No. 1-1, at 1.[2] The request included, among other things, various proffers and trial preparation documents. *Id.* at 1–3. On

[1] Because the parties have submitted matters outside the pleadings, Fed. R. Civ. P. 12(d), the Court resolves Treasury's motion under Federal Rule of Civil Procedure 56.

[2] The Court cites to the page numbers generated by CM/ECF.

May 19, 2025, Treasury informed Trujillo that an agency official had reviewed his request and "determined that it has been misdirected." ECF No. 12-2, at 8. Treasury further explained that "[a] search for records within the Treasury Departmental Offices would not be expected to locate or identify the specific records you have requested," and that "[r]ecords responsive to your request, if any such records exist, may be available from U.S. Customs and Boarder [sic] Protection (CBP)." *Id.* After administratively appealing Treasury's determination, Trujillo brought suit in August 2025, contending that Treasury failed to promptly disclose the requested records. ECF No. 1.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "FOIA generally obligates covered agencies to disclose their records, unless they are exempted." *DiBacco v. U.S. Army*, 795 F.3d 178, 192 (D.C. Cir. 2015). However, "possession or control is a prerequisite to FOIA disclosure duties." *Id.* (brackets omitted) (quoting *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)). Therefore, "when an agency does not possess or control the records a requester seeks, the agency's non-disclosure does not violate FOIA because it has not 'withheld' anything." *Id.* (citation omitted).

No reasonable factfinder could determine that Treasury improperly withheld Trujillo's records. Trujillo seeks records from Treasury concerning a U.S. Customs Service investigation in 2000. Significantly, the Customs Service, commonly known as CBP today, is no longer organized under the Department of Treasury. *See* ECF No. 12-2, at 5–6. While the Customs Service was a part of Treasury as of the 2000 investigation, Congress enacted the Homeland Security Act of 2002, transferring the Customs Service to the Department of Homeland Security effective March 2003. *See* Homeland Security Act of 2002, Pub. L. No. 107–296, § 403(1), 116 Stat. 2135, 2178

(2002); 6 U.S.C. § 203(1). Trujillo thus seeks records from an entity no longer part of the Department of Treasury. Under these circumstances, it was reasonable for Treasury to conclude that the FOIA request had been misdirected, and that CBP may have been the proper custodian for his request. *See Chambers v. U.S. Dep't of Interior,* 568 F.3d 998, 1004 (D.C. Cir. 2009) ("[A]n agency has no duty to retrieve and release documents it once possessed but that it legitimately disposed of prior to the date a FOIA request was received." (emphasis omitted) (quoting *McGehee v. CIA*, 697 F.2d 1095, 1103 n.33 (D.C. Cir. 1983))); *see also* ECF No. 24, at 2 (CBP providing that U.S. Immigration and Customs Enforcement "may have records responsive to [Trujillo's] request").

That Treasury currently lists Trujillo as a Specially Designated Narcotics Trafficker (SDNT) does not suggest that Treasury acted improperly here. The FOIA request at issue in this case does not concern Trujillo's SDNT status; instead, each part of the request is directed quite specifically at records relating to the 2000 U.S. Customs Service investigation. Moreover, the SDNT list is maintained by the Office of Foreign Assets Control, which unlike the former Customs Service, is housed under Treasury. ECF No. 28, at 2–3. And when Trujillo previously sought records concerning his SDNT status in a separate FOIA request, Treasury produced them. ECF No. 15, at 9. Treasury's prior conduct further supports the conclusion that the Department did not improperly withhold records in this case.

For these reasons, it is hereby

**ORDERED** that the U.S. Department of Treasury's Motion for Partial Summary Judgment, ECF No. 12, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** with prejudice as to the U.S. Department of Treasury.

DATE: September 21, 2026

CARL J. NICHOLS
United States District Judge